**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JULIA ARNING et al.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-CV-0104-CVE-FHM |
| ) | |
| **GATESWAY FOUNDATION, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is the Motion to Join Additional Plaintiffs and to Amend the Complaint and Case Style and Brief in Support (Dkt. # 8). Plaintiffs seek to amend their complaint under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("ADEA"), to add Pearl Beach, Gloria J. Cheek, and Barbara Henry as party plaintiffs.

Fed. R. Civ. P. 20(a) allows for joinder when plaintiffs' claims arise out of the same transaction or occurrence, and when all the parties joined share in common at least one question of law or fact. The Tenth Circuit has generally taken a two-stage approach to the question of joinder. See Thiessen v. General Electric Capital Corp., 267 F.3d 1095 (10th Cir. 2001). At any point up to the end of the discovery stage, joinder will be allowed based on "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Bayles v. Am. Medical Response of Colo., Inc., 950 F. Supp. 1053, 1066 (D. Colo. 1996); see also Thiessen, 267 F.3d at 1103. Then, at the conclusion of discovery, the Court makes a second determination, utilizing a stricter standard, reviewing such factors as (1) whether a sufficient link exists between the alleged unlawful employment policy and the challenged employment decisions; (2) whether individual issues would predominate at trial; and

(3) whether a trial of the action could be coherently managed and evidence presented in a manner that would not confuse the jury or unduly prejudice any party. Thiessen, 267 F.3d at 1103. The assertion of a pattern or practice of discrimination is sufficient to satisfy the requirements for joinder at the earlier of these two stages. Id. at 1105.

Although parties may not join in a collective action if they are simply attempting to collectively assert individual claims of discrimination, plaintiffs have here asserted a pattern or practice of discrimination against older employees in favor of younger ones, thereby making joinder at this stage of the litigation appropriate.

Accordingly, plaintiffs' motion (Dkt. # 8) is hereby **granted**. Plaintiffs are given until **June 7, 2005** to file their amended complaint adding Pearl Beach, Gloria J. Cheek, and Barbara Henry as party plaintiffs.

**IT IS SO ORDERED** this 2nd day of June, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT